## Ohio Valley Oil & Gas Company v. Irvine Development Company, et al.

(Decided November 15, 1921.)

### Appeal from Powell Circuit Court.

1.  Mines and Minerals—Forfeiture of Lease—Waiver of Forfeiture by Acceptance of Past Due Rentals.—The lessor in an oil and gas

lease, who accepts and retains rentals paid after their due date, cannot insist on a forfeiture because the rentals were not paid in time.

2. Mines and Minerals—Subsequent Lease—Rights of Lessee—Innocent Purchaser.—A subsequent lessee, with notice that the rentals due under a prior lease had been deposited to the credit of the lessor after due date, takes subject to the lesssor's acceptance and retention of the rentals so paid, and does not occupy the attitude of an innocent purchaser.

3. Mines and Minerals—Acceptance of Past Due Rentals After Due Date—Effect of Fraud in Inserting Provision in Lease for Depositing Rent in Bank.—Where the lessor, with knowledge that money had been deposited to his credit in the bank as a payment of rent due on a prior lease, checked the money out and appropriated it to his own use, the fact that the provision for depositing the rent in the bank to his credit was inserted by fraud was immaterial.

4. Mines and Minerals—Sufficiency of Tender or Offer to Return Past Due Rentals Deposited to Credit of Lessor.—Where lessor wrote to the bank to return past due rentals which had been deposited to his credit in the bank, and the bank wrote the lessor to let it lie there, that he was that much to the good, and the lessor knowing that the money was there to his credit as payment on the rent, checked it out and used it for his own benefit, the letter amounted to nothing as tender or offer to return the money.

B. G. WILLIAMS for appellant.

PENDLETON & BUSH for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On December 15, 1915, H. S. Rogers and wife executed to Gaines & Witt an oil lease on fifty acres of land in Powell county. The lease was recorded on January 27, 1916. The lease contained a covenant on the part of the lessees to complete a well on 'the premises within one year, or pay to the lessors rentals at the rate of twenty-five cents per acre, quarterly in advance, for each additional year such completion was delayed. An advance payment of $12.50 was made when the lease was executed. A proposed purchaser questioned the validity of the lease on the ground that it was acknowledged before D. N. Witt, who was also one of the lessees. To cure this defect, what is called a confirmatory lease was executed by Rogers and wife to V. M. Gaines on June 10, 1916, and acknowledged before the county clerk. This lease bore the same date as the original lease. The consideration for this lease was $12.50 cash, and a provision in regard to the completion of a well or the payment of rentals similar to the one in the original lease. The lease pro-

vided that the yearly rental should be payable either to
H. S. Rogers or deposited to his credit in the Powell
County Deposit Bank. The two leases were afterwards
assigned to the Ohio Valley Oil & Gas Company. No
rental was paid on either of the leases until December
18, 1916, when the sum of $12.50 was deposited to the
credit of Rogers in the Powell County Deposit Bank.

On January 6, 1917, H. S. Rogers and wife executed
an oil and gas lease on the same property to C. E. Town-
send. This lease was recorded January 12, 1917, and was
subsequently assigned to the Irvine Development Com-
pany.

The Ohio Valley Oil & Gas Company brought suit
against the Irvine Development Company and Rogers
and wife to quiet its title to the leases which it owned.
The petition and amended petition set forth the above
facts, and also alleged that Townsend and the Irvine De-
velopment Company purchased their lease with both ac-
tual and constructive notice of the prior lease. It was
further alleged that the sum of $12.50, which was depos-
ited to the credit of H. S. Rogers in the Powell County
Deposit Bank, had been retained by him and mingled
with other money which he had in said bank, and that no
part thereof had ever been tendered or returned to the
original lessees, or the plaintiff, or to any one for them.
A demurrer was sustained to the petition as amended and
the petition dismissed. On appeal it was held that the
petition was sufficient, and the judgment was reversed
with directions to overrule the demurrer to the petition
as amended. Ohio Valley Oil & Gas Co. v. Irvine Devel-
opment Co., 184 Ky. 517, 212 S. W. 110. Upon a return
of the case the defendants filed an answer denying the
allegations of the petition and amended petition, and pre-
senting the following defenses: (1) That they were in-
nocent purchasers for value; (2) that the provision in
the confirmatory lease in regard to paying the rentals to
the Powell County Deposit Bank was inserted by fraud,
and (3) that the original lease from Rogers and wife to
Gaines & Witt was not recordable because the acknowl-
edgment was taken by Witt, one of the lessees. On final
hearing judgment was rendered in favor of the defend-
ants, and plaintiff appeals.

It is clear from the evidence that, at the time Rogers
and wife executed the lease to Claude Townsend, Town-
send had knowledge of the two prior leases. It is equally
clear from all the circumstances, and particularly from

the admissions and unsatisfactory explanations made by Rogers and Townsend, that they both knew before the execution of the Townsend lease that the $12.50 had been deposited to Rogers' credit in the Powell County Deposit Bank as a payment on the prior leases. Two circumstances that are absolutely conclusive on the question are that, before the Townsend lease was executed, Rogers had received a duplicate deposit slip from the bank, showing that $12.50 had been deposited to his credit, and that he procured Townsend, on the day the Townsend lease was executed, to write to the bank to return the money and not accept any more rentals. Moreover, it is admitted that the $12.50 was mingled with other funds which Rogers had on deposit and that he thereafter checked out all the funds he had on deposit, including the $12.50, and appropriated the same to his own use.

It was held on the former appeal, and such is the uniform rule on the subject, that a lessor in an oil and gas lease, who accepts and retains rentals paid after their due date, cannot insist on a forfeiture because the rentals were not paid in time. Moreover, a subsequent lessee, with notice that the rentals due under a prior lease have been deposited to the credit of the lessor after due date, takes subject to the lessor's acceptance and retention of the rentals so paid, and does not, therefore, occupy the attitude of an innocent purchaser.

But it is insisted that that part of the lease providing that the rentals might be deposited in the Powell County Deposit Bank was inserted by fraud. The evidence on this question is not persuasive, but even if we admit that such is the case, that fact is wholly immaterial, in view of the circumstances shown by the evidence. Manifestly, even though the lease had provided that payment should be made to Rogers at his postoffice address, and contained no provision for depositing the money to his credit in the bank, yet if Rogers knew that the money had been deposited to his credit in the bank as a payment on the rent, and he thereafter checked. it out and appropriated the money to his own use, that is the end of the case. But the point is made that he wrote the bank to return the money, and that this was all that he was required to do. As a matter of fact, however, the bank did not return the money. On the contrary Rogers himself says, "The bank wrote to me to let it lay there; that I was that much to the good." In other words, with knowledge that the money had not been returned, but was still in the

bank to his credit, he checked it out and used it for his own benefit. In view of these circumstances, the letter to the bank amounted to nothing in the way of a tender or offer to return the money.

Of course, a tender of the $12.50 to plaintiff, almost two years after Rogers had checked the money out of the bank and appropriated it to his own use, came too late to affect the rights of the parties.

Judgment reversed and cause remanded with directions to enter judgment in favor of plaintiff.