## McCRORY et al. v. TWOMBLY.

No. 17823. Opinion Filed April 24, 1928.

(Syllabus.)

1. Oil and Gas—Right to Forfeit Lease for Nonpayment of Delay Rentals—Deposit of Rentals After Due Date to Credit of Lessor Without His Knowledge—Duty of Lessor to Tender Return of Amount Deposited.

Where delay rentals on an oil and gas mining lease are deposited to lessor's credit in the designated depository after the date on which they were due under the terms of the lease, and lessors withdraw the same, along with other funds, and use the money so deposited without knowledge of the deposit having been made, it is the duty of the lessor, in order to declare a forfeiture of the lease for nonpayment of rentals when due, to promptly tender same back to lessee upon learning that rentals had been thus paid and used by him.

2. Same—Waiver of Forfeiture of Lease by Retaining Delayed Payment Five Months.

Where lessor has received and used rentals paid late as set forth in the preceding paragraph, and fails for more than five months after learning thereof to tender the same back to lessee, held, the retention of the money so paid by lessee constitutes an acceptance of the rentals by lessor and a waiver of his right of forfeiture.

3. Same—Judgment Sustained.

Record examined; held, judgment not against clear weight of evidence but amply supported by it.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by J. L. Twombly against R. F. McCrory and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Kirby Fitzpatrick, for plaintiffs in error.

Brett & Brett, for defendant in error.

HUNT, J. This is an appeal from the district court of Carter county. The parties will be referred to here as they appeared in the trial court, the defendant in error as plaintiff and the plaintiffs in error as defendants. The facts about which there is no dispute are as follows:

Defendants R. F. McCrory and Montie Ray McCrory were the owners of a certain piece of land in Carter county, on which they executed an oil and gas mining lease to one F. H. Chandler on the 14th day of October, 1922. This lease was assigned by Chandler to the plaintiff, J. L. Twombly, on the 14th day of May, 1923. The first annual rental on same became due and payable under the terms of the lease on the 14th day of October, 1923, and the lease provided that same should be paid to the lessor or deposited to lessor's credit in the American National Bank, Ardmore, Okla. Twombly failed to pay the rental when due, but some 15 days thereafter, to wit, on October 29, 1923, he deposited the amount of the rental in the American National Bank to lessor's credit, and received from the bank a deposit slip showing the date the deposit was made and the description of the land in question, and instructed the bank to mail a copy of the deposit slip to defendants R. F. and Montie Ray McCrory. The money so deposited was checked out by the McCrorys along with other funds and used. The record discloses, according to Twombly's testimony, that Chandler assigned this lease to him for the purpose of securing a loan, it being understood that the assignment was to be recorded only in the event the loan was not paid off within a reasonable time, and by reason of this fact, Twombly did not record his assignment until the 13th day of May, 1924. It further appears from the record that the defendants had actual notice of this assignment to Twombly on the morning of the following day, and shortly thereafter, to wit, on the 20th day of May, 1924, defendants executed another lease covering said land to A. K. McCrory, brother of defendant R. F. McCrory, and it was to cancel this last-named lease that plaintiff, Twombly, instituted this suit in the district court of Carter county, against the defendants. Same was tried to the court and judgment rendered in favor of plaintiff, cancelling said lease executed to defendant A. K. McCrory and quieting title in plaintiff to the oil and gas leasehold estate in said premises under and by virtue of the original lease to Chandler and the assignment thereof to Twombly. Plaintiff's contention in the lower court was that the lessors in said original lease, defendants herein, had accepted the delay rentals after the date specified for payment in the lease by checking the money out of the designated depository and putting it to their own use, and having failed to tender the rentals back to lessee immediately on discovery of the late payment, they thereby waived the right to declare a forfeiture for

nonpayment. That the defendants had a right to declare the lease foreefeited for nonpayment of rentals at any time after the date upon which the rental became due is not disputed. Neither is it questioned that the mere fact that the defendants continued to check on their account in the American National Bank, and in fact used the money which plaintiff had deposited to their credit, was not binding on defendants, unless they in fact knew that said rental had been deposited to their credit. As to just when defendants first became aware of the fact of the deposit of the rentals by plaintiff, the record is not clear, but it is not denied that defendants received actual notice of said deposit having been made on or about the 14th day of May, 1924, the morning after the assignment from Chandler to Twombly was placed on record. Defendants had a right then to refuse to accept the payment of said rentals and to declare the lease forfeited, but in order to do so, having at that time, for the first time, according to defendants' evidence, discovered that they had in fact received the money and used it, it was their duty to then and there tender same back. The record discloses, however, that same was not in fact tendered back until some five months later, being in October, 1924, when, according to the testimony of the defendant R. F. McCrory, he made legal tender thereof for the first time to plaintiff and plaintiff refused to accept same

The trial court, after hearing the testimony of all the witnesses, some 12 or 13 witnesses being introduced on behalf of plaintiff and defendants, found in favor of plaintiff and rendered judgment as hereinbefore stated.

The defendants prosecute this appeal, alleging: First, that the court committed error of law at the trial to which exceptions were duly saved; second, the court erred in admitting incompetent evidence on the part of plaintiff, and rejecting competent evidence on the part of defendant; third, the court erred in giving judgment against the defendants in that the evidence did not justify the rendition of said judgment.

No authorities are cited in defendants' brief in suport of either of these assignments of error, nor is it pointed out anywhere in the brief just wherein the court committed error of law in the trial, as contended in the first assignment of error; neither is the incompetent evidence admitted on the part of plaintiff or the competent evidence offered on the part of defendants and rejected, referred to in the second assignment of error, pointed out in the brief; nor is it shown in the brief, in support of the third assignment of error, just wherein the evidence is insufficient to support the judgment rendered.

It is a well-established rule of this court that the judgment of the court in an equity case will not be set aside unless same is against the clear weight of the evidence. This seems to us to be the only question involved in this case. Defendants' brief consists entirely of a discussion of the evidence. Defendants say the only question is as to whether McCrory is bound by using the $20 deposit, surreptitiously put in his account and without his knowledge, consent, or subsequent ratification. This question might be answered in the negative, if the evidence disclosed this to be the fact.

There is testimony, however, that such are not the facts, and the trial court evidently accepted said testimony and so found in rendering judgment for plaintiff and against defendants. There is evidence in the record to the effect that the deposit, while made 15 days late, was not surreptitiously made, but was made in the usual and ordinary way of making such deposits and at the time same was made that the banker was requested to mail copy of the deposit slip to defendants. As to whether or not same was done, the testimony of the banker was not positive as to mailing, but only that it was their custom to mail out deposit slips as requested in matters of this kind, and that he had no independent recollection of actually mailing this deposit slip to defendants. Defendants testified that they did not receive it.

That the deposit was made without the defendants' knowledge or consent appears to be true, but it also appears from the testimony that defendants failed to return it or tender it back for more than five months after having discovered they had received it, and having received the money and retained it, constituted an acceptance of same and ratification of the payment thereof.

In Ohio Valley Oil & Gas Co. v. Irvine Development Co., 234 S. W. 437, a Kentucky case, the court said:

"It was held on the former appeal, and such is the uniform rule on the subject, that a lessor in an oil and gas lease who accepts and retains rentals paid after their due date cannot insist on a forfeiture because the rentals were not paid in time.* * * Of course, a tender of the $12.50 to plaintiff, almost two years after Rogers had checked the money out of the bank and appropriated it to his own use, came too late to affect the rights of the parties."

Likewise, the tender of $20 to plaintiff in

the instant case some five months after defendants discovered the deposit had been made to their credit, and that they had checked same out along with other funds, came too late. If defendants desired to declare a forfeiture of the lease for nonpayment of the delay rentals on the due date, it was their duty to tender same back promptly upon discovery of the deposit having been made to their credit and that they had used the money, and failing to do so and retaining the money for some five months constituted an acceptance of the rentals and waiver of rights of forfeiture. as was said by the Kansas court in Bloom v. Hugh, 160 Pac. 1135:

"It is a familiar law that a right of forfeiture must be promptly asserted or it is waived."

From a careful review of the entire record, we are clearly of the opinion that the evidence is amply sufficient to support the judgment rendered. It further appears from this record that this is the second trial of this case, the former trial in the district court having resulted in a judgment in favor of the plaintiff. On proper motion a new trial was granted on the ground of newly discovered evidence, and in this, the second trial, judgment was again rendered in favor of the plaintiff. Finding no reversible error in the record, and there being ample evidence to support the judgment of the trial court, it follows that same should be affirmed, and it is so ordered.

MASON, V. C. J., and HARRISON, LESTER, CLARK, and RILEY, JJ., concur.

BRANSON, C. J., and PHELPS, J., dissent.

Note.—See under (1) 40 C. J. p. 1085, §704. (3) 4 C. J. p. 880, §2853.